[Civ. No. 16681. Second Dist., Div. Three. June 27, 1949.]

TED SHAW et al., Plaintiffs and Respondents, v. L. V. McCARDLE et al., Defendants and Respondents; ELBERT, LTD. (a Corporation), Appellant.

Robert E. Rosskopf, John F. Bender and Gizella M. Loshoncy for Appellant.

James M. Gammon for Respondents.

VALLÉE, J.—Appeal by defendant Elbert, Ltd., from a judgment for plaintiffs ordering the City Treasurer of Los Angeles to reinstate a bond issued under the Improvement Act of 1911. (Sts. & Hy. Code, § 5000 et seq.)

On January 25, 1946, and for a long time prior thereto, plaintiff Shaw was the owner of the bond which was a lien on Lot 8, Tract 6346 in Los Angeles. Shaw was president of and controlled plaintiff Federated Income Properties, Inc. Early in 1946, Shaw, acting for Federated, entered into an escrow to purchase Lot 8 from the owner of the fee. About the same time he entered into a second escrow to sell the property. In the escrow instructions he directed the escrow holder to pay the bond and taxes through the escrow. At that time the bond was delinquent. On March 30, 1946, Shaw

gave the bond to the city treasurer with instructions to institute foreclosure proceedings. On July 24, 1946, the escrow holder received a report from a title company stating among other things that the property was subject to sale for delinquent taxes. The contents of the report were immediately given to Shaw. On August 1, 1946, defendant Elbert, Ltd., purchased Lot 8 at a sale for delinquent taxes and received a deed. On August 21, 1946, the escrow holder, pursuant to instructions given it by Shaw after August 1st, authorized the city treasurer to cancel the bond. At that time the foreclosure proceedings were pending and the bond was still in the possession of the city treasurer. The treasurer cancelled the bond on August 22, 1946, and a certificate of cancellation was issued.

The court found that Shaw instructed the treasurer to cancel the bond through inadvertence and mistake; that at the time the instruction to cancel was delivered to the treasurer Shaw was unaware that the property had been sold for taxes and would not have caused the cancellation to be made if he had known of the sale; that defendants will not suffer any damage by reinstatement of the lien of the bond for the reason that neither of them acquired any right or lien after cancellation. The judgment reinstated the bond upon delivery by plaintiff to the city treasurer of a bond indemnifying the city against loss.

Appellant's points are: 1. there was a merger of the assessment lien and the fee title: 2. Shaw was negligent and equity will not relieve a party from his own negligence; and 3. the assessment lien was extinguished.

A merger occurs when a greater estate and a less coincide in the same person in one and the same right without any intermediate estate. (10 Cal.Jur. § 10, p. 606.)

There was no merger here. The fee title and the assessment lien did not meet in the same person. At the time appellant purchased the property the fee was owned by the prospective seller to Federated and the assessment lien was owned by Shaw. The sale to Federated fell through when it was learned that appellant had purchased the property.

We cannot say as a matter of law that Shaw was negligent. It is argued that because he knew prior to August 1, 1946, that the property was subject to sale for delinquent taxes that he was negligent in giving instructions to cancel the bond without first ascertaining whether the property had been sold. This was a question for the trial court. The

evidence supports the findings. There are no intervening equities. Appellant purchased the property subject to the assessment lien. No rights have been acquired by appellant by reason of the cancellation of the bond. The mere fact that Shaw had knowledge that the property was subject to sale for delinquent taxes and had means of ascertaining whether the property had been sold before giving instructions for cancellation of the bond does not bar him from relief where appellant will not suffer injury. (*Copp* v. *Millen*, 11 Cal.2d 122, 130 [77 P.2d 1093].) The equities are with respondents. There are none with appellant.

As an affirmative defense appellant pleaded that "more than four years have expired since the maturity of the last instalment of said Street Improvement Bond claimed by plaintiffs and the said bond has not been foreclosed and no proceedings are now pending for the foreclosure thereof." Civil Code, section 2911, as amended in 1945, provides that: ". . . Anything to the contrary notwithstanding, any lien heretofore existing or which may hereafter exist upon real property to secure the payment of a public improvement assessment shall be presumed to have been extinguished at the expiration of four years after the due date of such assessment or the last installment thereof, or four years after the date the lien attached, or on January 1, 1947, whichever is later, or in the event bonds were or shall be issued to represent such assessment, the lien shall then be presumed to have been extinguished at the expiration of four years after the due date of said bonds or of the last installment thereof or of the last principal coupon attached thereto, or on January 1, 1947, whichever is later. . . ." It is obvious that the assessment lien was not extinguished on December 26, 1946, the date the complaint was filed.

The appeal is wholly without merit.

Judgment affirmed.

Shinn, P. J., and Wood, J., concurred.